UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALIF AMARA KOUROUMA,   Case No. 23-12452

    Plaintiff,   F. Kay Behm
v.   United States District Judge

INTERNAL REVENUE SERVICE,

    Defendant.
_____ /

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 2)

This case is before the court on Defendant Internal Revenue Service's motion to dismiss Plaintiff Salif Amara Kourouma's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 2). Plaintiff filed their initial complaint in Michigan's 18th District Court on July 28, 2023. (ECF No. 1, PageID.4). Defendant removed this case to the United States District Court, Eastern District of Michigan on September 28, 2023, and filed the present motion on October 4, 2023. (ECF Nos. 1, 2). Plaintiff did not timely file a response to Defendant's motion.[1] Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2),

---

[1] Eastern District of Michigan Local Rule 7.1(c)(1) requires that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available" within 21 days of the filing of a motion. See E.D. Mich. L.R. 7.1(c)(1) and 7.1(e)(2)(a). Plaintiff has never filed a response to Defendant's motion. Generally, "[t]he law in this Circuit is not

1

the court will decide Defendant's motion on the pleadings alone.  E.D. Mich. LR 7.1(f)(2).  For the reasons stated below, Defendant's motion to dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED** because the court lacks subject matter jurisdiction.

I.   RELEVANT LEGAL STANDARD

Defendant brings their motion pursuant to both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  *Id.*  However, the court must first determine whether it has subject matter jurisdiction under Rule 12(b)(1), since a lack of subject matter jurisdiction will mandate dismissal of the case and render Defendant's Rule 12(b)(6) motion moot.  *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)) (motion to dismiss for failure to state a cause of action may be decided only after establishing subject matter jurisdiction, since determination of the validity of the claim is, in itself, an exercise of jurisdiction); *Does v. Whitmer*, 69 F.4th 300, 305 (6th Cir. 2023) ("we treat sovereign immunity as a 'jurisdictional

---

clear on whether a failure to respond to a motion to dismiss constitutes a sufficient ground for granting the motion." *Layton v. MDOC*, No. 2:20-CV-13428, 2023 WL 3011142, at *2 (E.D. Mich. Feb. 16, 2023), *report and recommendation adopted,* No. 220CV13428TGBKGA, 2023 WL 3010166 (E.D. Mich. Apr. 19, 2023).  However, courts tend to analyze the underlying merits of a motion, even if a plaintiff fails to respond.  *Id.* ("Therefore, while Layton's failure to respond could be considered a failure to prosecute warranting dismissal, the undersigned declines to recommend granting the MDOC's motion on this ground. Instead, the undersigned will consider the merits of the motion.").

bar' that, 'once raised as a jurisdictional defect, must be decided before the merits.'"). A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's jurisdiction over the subject matter of the suit. Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions fall into two categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack is a "challenge to the sufficiency of the pleading itself" whereas a factual attack "is a challenge to the factual existence of subject matter jurisdiction." *Id.* In this case, Defendants bring a facial attack and, therefore, the court must "accept[] the material allegations in the complaint as true and construe[] them in the light most favorable to the nonmoving party." *Id.*

## II.    ANALYSIS

Defendant first argues the court lacks subject matter jurisdiction over this case because Plaintiff has not identified a waiver of sovereign immunity. (ECF No. 2, PageID.214). It is well-established that a claim against the United States for money damages is barred absent a waiver of sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399 (1976) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)) ("the United States, as sovereign, 'is immune from suit save as it consents to be sued…'"). This includes claims against federal agencies, such as the Internal Revenue Service (IRS). *See in re Harchar*, 694 F.3d 639, 650 (6th Cir.

3

2012) (affirming lower court finding that IRS was immune from suit).  A waiver of sovereign immunity cannot be implied, it must be "unequivocally expressed in the statutory text."  *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).  The plaintiff bears the burden to "identify a waiver of sovereign immunity in order to proceed against the United States. If he cannot identify a waiver, the claim must be dismissed on jurisdictional grounds."  *Reetz v. United States*, 224 F.3d 734, 795 (6th Cir. 2000) (citation omitted).

> The entirety of Plaintiff's complaint is as follows:
>
> Can the IRS make the Social Security administration pay me my compensation refund twice and back pays it's seven hundred and fifty seven thousands [sic] and five hundred $757,500.00 two and back pays plus my child support refunds 2 times and back pays it's $757500,000.00 two times and back pays.

(ECF No. 1, PageID.4).  Nowhere in Plaintiff's complaint, or in the nearly 200 pages of exhibits, do they identify any waiver of the IRS's sovereign immunity.  While a pro se litigant's complaint must be liberally construed, their pro se status "does not excuse [them] from alleging a legally sufficient claim," including identifying a waiver of sovereign immunity.  *See United States v. Thody*, No. 1:19-CV-339, 2019 WL 10734569, at *2 (W.D. Mich. Dec. 16, 2019), *report and recommendation adopted*, No. 1:19-CV-339, 2020 WL 5105032 (W.D. Mich. Aug. 31, 2020) (citing *Anderson v. Medicare Ins.*, No. 14-CV-4832 (PSJ/HB), 2015 WL 4429381, at *1 (D.

4

Minn. July 20, 2015) (concluding that a pro se plaintiff failed to show that her allegations established a waiver of sovereign immunity)).  Because Plaintiff has failed to identify a waiver of sovereign immunity, and no such waiver is apparent on the face of Plaintiff's complaint, their case must be dismissed.

### III.   CONCLUSION

Plaintiff has failed to identify a waiver of sovereign immunity and, therefore, the court lacks subject matter jurisdiction to hear this case against Defendant IRS.  Given this lack of jurisdiction, the court does not need to reach the remaining arguments in Defendant's motion or determine whether Plaintiff has sufficiently stated a claim upon which relief can be granted.  *Moir*, 895 F.2d at 269 (a lack of subject matter jurisdiction mandates dismissal of a case and renders any motion brough under 12(b)(6) moot.).  Defendant's motion to dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED** without prejudice.

   **SO ORDERED**.

Date: December 6, 2023              s/F. Kay Behm
                                    F. Kay Behm
                                    United States District Judge